

Mark T. Stancil

202.775.4520
mstancil@robbinsrussell.com

October 21, 2019

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *ACL1 Investments Ltd. v. Bolivarian Republic of Venezuela*,
             No. 19 Civ. 9014 (LLS)

Dear Judge Stanton:

      We represent Plaintiffs in the above-captioned action. We write pursuant to Rule 2.A of the Court's Individual Practices to request a pre-motion conference. We seek to move for entry of an order authorizing and directing Plaintiffs to serve the summons and complaint in a manner that will be effective under the unusual circumstances of this case.

Background

      Plaintiffs are beneficial owners of bonds issued by Defendant the Bolivarian Republic of Venezuela ("Venezuela"). Venezuela has not paid the amounts it owes on Plaintiffs' bonds. Plaintiffs accordingly filed this action on September 27.

      Service of process on a foreign state like Venezuela is governed by 28 U.S.C. § 1608(a), which provides:

> Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>
> > (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
> >
> > (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or
> >
> > (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint . . . by any form of mail . . . , or

> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Here, there is a "special arrangement" within the meaning of Section 1608(a)(1). Specifically, in the Fiscal Agency Agreement governing Plaintiffs' bonds, Venezuela "agree[d] that service of all writs, process and summonses" may be made upon any official at the Consulate General of the Republic of Venezuela at 7 East 51st Street, New York, New York. Complaint, Ex. A, § 14(b) (ECF No. 1-1). In the same provision, Venezuela "agree[d] to maintain at all times an agent" to receive service at the Consulate General.

Plaintiffs accordingly arranged for service at Venezuela's Consulate General on East 51st Street. However, the Consulate General is closed, with no indication that it will reopen.

The closure of the Consulate General might be related to the political situation in Venezuela. On January 23, 2019, President Trump recognized Juan Guaidó as the rightful Interim President of Venezuela. But the former President of Venezuela, Nicolás Maduro, has refused to cede power and continues to exercise control of certain national institutions, including the Ministry of Foreign Affairs.

Venezuela is aware of this lawsuit and has reviewed the complaint. On October 11, 2019, it quoted from the complaint in a submission to another court. Joint Status Report at 11 n.6, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (D. Del. Oct. 11, 2019) (ECF No. 139).

<u>Plaintiffs Respectfully Request That The Court, Following Judge Carter,
Order Service On Venezuela's Embassy And Mission To The United Nations</u>

By closing the Consulate General, Venezuela has tried to thwart unilaterally the "special arrangement" that it made with Plaintiffs and that Section 1608(a)(1) favors.

Venezuela continues to operate other official facilities in the United States. Specifically, it operates an Embassy in Washington (which, to Plaintiffs' knowledge, is under the control of President Guaidó) and a Mission to the United Nations in New York (which, to Plaintiffs' knowledge, is under the control of former President Maduro).

In these circumstances, another judge of this Court (Carter, J.) recently authorized similarly situated plaintiffs to effect alternate service on Venezuela's Embassy and Mission to

the United Nations. Order to Permit Alternate Service, *Lovati v. Bolivarian Republic of Venezuela*, No. 19-cv-4796 (June 11, 2019) (attached hereto as Exhibit A).

Plaintiffs respectfully submit that this Court should enter an analogous order. Plaintiffs' "special arrangement" with Venezuela was to effect service at a facility in the United States providing official services for Venezuela and capable of accepting service on its behalf. Venezuela has made unavailable through its own acts the particular facility identified in its Fiscal Agency Agreement. It should not be permitted thereby to undermine its special arrangement despite maintaining comparable facilities in the United States.

Plaintiffs Respectfully Request That The Court
Order Service Pursuant To 28 U.S.C. § 1608(a)(4)

A Court order permitting Plaintiffs to effect service on Venezuela's Embassy and Mission to the United Nations would merely preserve Venezuela's "special arrangement" with Plaintiffs. Therefore, service pursuant to such an order would comply with 28 U.S.C. § 1608(a)(1).

In Judge Carter's *Lovati* case, however, Venezuela has taken the position that the court's order permitting alternate service is invalid and that service on facilities other than its closed Consulate General is impermissible. Venezuela maintains that the only permissible method of service is through the U.S. Department of State, pursuant to 28 U.S.C. § 1608(a)(4).

Out of an abundance of caution, therefore, Plaintiffs respectfully submit that the Court should also order them to effect service pursuant to 28 U.S.C. § 1608(a)(4). Plaintiffs believe that a court order is necessary because Section 1608(a)(4) permits service thereunder only if service cannot be effected through a "special arrangement" (that is, under Section 1608(a)(1)). And, as explained above, service in this case can be effected through a "special arrangement."

\* \* \*

Because Plaintiffs have proven unable thus far to serve Venezuela, Plaintiffs submit this pre-motion letter ex parte.

We are available at the convenience of the Court.

Respectfully submitted,

s/ Mark T. Stancil

Mark T. Stancil
*Counsel for Plaintiffs*