UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ACL1 INVESTMENTS LTD., ACL2 :
INVESTMENTS LTD., LDO (CAYMAN) XVIII :
LTD., :
 :
         Plaintiffs, : No. 19 Civ. 9014 (LLS)
 :
   v. : **FIRST AMENDED COMPLAINT**
 :
BOLIVARIAN REPUBLIC OF VENEZUELA, :
 :
         Defendant. :
---------------------------------------------------------------X

      Plaintiffs ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd., by and through their undersigned attorneys, allege, upon personal knowledge as to their own acts and upon information and belief as to all other acts, as follows:

## NATURE OF THE ACTION

    1.    Plaintiffs are the beneficial owners of certain 9.375% Global Bonds due 2034, ISIN No. US922646BL74 (the "Securities"), issued by Defendant the Bolivarian Republic of Venezuela ("Venezuela"). Venezuela issued the Securities pursuant to a Fiscal Agency Agreement dated as of August 6, 1998, (the "1998 FAA") and amended as of January 14, 2004 (the "First 2004 Amendment"), and further amended as of September 29, 2004 (the "Second 2004 Amendment") (collectively, the "FAA"). A copy of the 1998 FAA is attached to this Complaint as Exhibit A; a copy of the First 2004 Amendment is attached as Exhibit B; a copy of the Second 2004 Amendment is attached as Exhibit C. Certain terms and conditions of the Securities are set forth in the Registered Global Security, which is attached to this Complaint as Exhibit D.

    2.    As set forth below, Venezuela has failed to make payments due on the Securities. It has missed multiple interest payments due since January 2018, leading holders of the requisite

quantum of the Securities to exercise their right of acceleration pursuant to the terms of the FAA and the Registered Global Security. As a result, all principal and unpaid interest owed on the Securities is due and payable immediately, and those amounts continue to grow as Venezuela persists in its default. By this action, Plaintiffs seek money judgments for the amounts owed.

## THE PARTIES

3. Plaintiff ACL1 Investments Ltd. is an exempted company with limited liability organized under the laws of the Cayman Islands. It is the beneficial owner of a substantial amount of the Securities. It has been authorized to take any action that a holder is entitled to take under the terms of the Securities or the FAA.

4. Plaintiff ACL2 Investments Ltd. is an exempted company with limited liability organized under the laws of the Cayman Islands. It is the beneficial owner of a substantial amount of the Securities. It has been authorized to take any action that a holder is entitled to take under the terms of the Securities or the FAA.

5. Plaintiff LDO (Cayman) XVIII Ltd. is an exempted company with limited liability organized under the laws of the Cayman Islands. It is the beneficial owner of a substantial amount of the Securities. It has been authorized to take any action that a holder is entitled to take under the terms of the Securities or the FAA.

6. Defendant Venezuela is a foreign state as defined in Section 1603(a) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330 and 28 U.S.C. § 1605. Section 1330(a) grants federal district courts "original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which

the foreign state is not entitled to immunity under either sections 1605-1607 of this title or under any applicable international agreement."

8. As noted above, Venezuela is a foreign state as defined in 28 U.S.C. § 1603(a).

9. Venezuela is not entitled to immunity under 28 U.S.C. §§ 1605-1607. To the contrary, Section 1605(a) provides, in relevant part, that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—(1) in which the foreign state has waived its immunity either explicitly or by implication." Venezuela agreed in the FAA not to claim, and "irrevocably" waived, sovereign immunity with respect to "any suit, action or proceeding against it or its properties, assets or revenues with respect to this Agreement, any Security or a coupon appertaining thereto (a 'Related Proceeding')." The waiver appears in Section 14(d) of the 1998 FAA, which states in full as follows (emphasis added):

> To the extent that the Issuer or any of its revenues, assets or properties shall be entitled, with respect to any Related Proceeding at any time brought against the Issuer or any of its revenues, assets or properties in any jurisdiction in which any Specified Court is located, or with respect to any suit, action or proceeding at any time brought solely for the purpose of enforcing or executing any Related Judgment in any jurisdiction in which any Specified Court or Other Court is located, to any immunity from suit, from the jurisdiction of any such court, from attachment prior to judgment, from attachment in aid of execution of judgment, from execution of a judgment or from any other legal or judicial process or remedy, and to the extent that in any such jurisdiction there shall be attributed such an immunity, *the Issuer irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction (**including, without limitation, the Foreign Sovereign Immunities Act of 1976 of the United States**)* and consents generally for the purposes of the State Immunity Act of 1978 of the United Kingdom to the giving of any relief or the issue of any process in connection with any Related Proceeding or Related Judgment, provided that such agreement and waiver, insofar as it relates to any jurisdiction other than a jurisdiction in which a Specified Court is located, is given solely for the purpose of enabling the Fiscal Agent, any Paying Agent or any holder to enforce or execute a Related Judgment. In addition, to the extent that the Issuer or any of its revenues, assets or properties shall be entitled, in any jurisdiction, to any immunity from set-off, banker's lien or any similar right or remedy, and to the extent that there shall be attributed, in any jurisdiction, such an immunity, the Issuer hereby irrevocably agrees not to claim and irrevocably waives such immunity to the fullest extent permitted by the laws of such jurisdiction with respect to any claim, suit, action, proceeding, right

3

or remedy arising out of or in connection with this Agreement, any Security or a coupon appertaining thereto.

10. In addition, Section 1605(a)(2) of the FSIA states that a foreign state is not immune in a case "in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." This action is based upon such commercial activity. Venezuela marketed the Securities in the United States, offered the Securities for sale in the United States, allows the Securities to be traded within the United States, invoked the jurisdiction of the courts and laws of the United States to induce investors to buy and hold the Securities, and has directed the actions of its Fiscal Agent located within the United States regarding the Securities. These and other actions have occurred within the United States and have caused direct effects in the United States, including but not limited to damages incurred by Plaintiffs and other investors located in the United States.

11. Venezuela is not entitled to immunity under any provision set forth in 28 U.S.C. §§ 1605-1607 or under any applicable international agreement. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1330(a).

12. The Court has personal jurisdiction over Venezuela. In the FAA, Venezuela agreed that any Related Proceeding could be brought in certain specified courts including "the United States District Court for the Southern District of New York," and Venezuela "irrevocably submit[ted] to the exclusive jurisdiction" of these courts for such proceedings. 1998 FAA, sec. 14(a). In addition, "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made

under section 1608 of this title." 28 U.S.C. § 1330(b). On October 21, 2019, this Court issued an order directing Plaintiffs to effect service by means of the U.S. Secretary of State pursuant to 28 U.S.C. § 1608(a)(4). ECF No. 11. The United States Department of State certified on February 3, 2020, that on January 31, 2020, it had served a diplomatic note on Venezuela to effectuate service. ECF No. 26.

13. Venue is proper in this district under 28 U.S.C. § 1391(f)(1). "[A] substantial part of the events or omissions giving rise to [this] claim occurred" in this judicial district. Among other things, Venezuela has made and breached promises to investors in this district, has availed itself of the jurisdiction of this district to induce investors to purchase and hold the Securities, and has failed to make payments in this district as required by the securities. Moreover, in the FAA, Venezuela "irrevocably consent[ed] to and waive[d] any objection which it may now or hereafter have to the laying of venue" for a Related Proceeding brought in a specified court, as described above. 1998 FAA, sec. 14(c).

**FACTS**

14. Each Plaintiff is the beneficial owner of a substantial amount of the Securities.

15. The Securities provide that Venezuela shall pay the principal sum owed on the Securities on January 13, 2034. Registered Global Security at 2. The Securities also provide that Venezuela shall pay interest on the principal sum on a semi-annual basis beginning on January 14, 2004, at the rate of 9.375% per annum, until the principal is paid or made available for payment. *Id.*

16. The terms and conditions of the Securities provide that an "Event of Default" occurs if, among other things, "Venezuela shall fail to pay the principal amount of any Security when due and such failure continues for a period of 30 days" or if "Venezuela shall fail to pay interest or

other amounts due on any Security when due and such failure continues for a period of 30 days." Registered Global Security, Terms and Conditions, sec. 7(a)-(b).

17. The terms and conditions of the Securities further provide that if an Event of Default "shall occur and be continuing with respect to Securities," then "holders of 25% or more in aggregate outstanding principal amount of the Securities may, by written demand to Venezuela at the office of the Fiscal Agent, declare the Securities immediately due and payable." Registered Global Security, Terms and Conditions, sec. 7.

18. Beginning in early 2018, Venezuela stopped making interest payments due on the Securities. More particularly, Venezuela failed to make the interest payment due on January 13, 2018. That failure continued for a period of more than 30 days; indeed, this amount remains unpaid today. This failure to pay interest was an Event of Default under the Securities. *See* Registered Global Security, Terms and Conditions, sec. 7(b).

19. Venezuela also failed to make an interest payment due on July 13, 2018. That failure likewise continued for a period of more than 30 days and continues today. This failure to pay interest was another Event of Default. *See* Registered Global Security, Terms and Conditions, sec. 7(b).

20. On December 6, 2018, the Securities were accelerated. Pursuant to section 7 of the Terms and Conditions of the Registered Global Security, holders of greater than 25% of the outstanding principal amount of the series filed a written demand with The Bank of New York Mellon ("BNYM"), the Fiscal Agent for the Securities, declaring the Securities immediately due and payable. BNYM is the successor Fiscal Agent to the original Fiscal Agent identified under the FAA.

21. The acceleration was effected in full compliance with all relevant terms and conditions set forth in the FAA and the Registered Global Security. The holders who accelerated the Securities were fully and duly authorized to do so. Accordingly, the full amount of all unpaid principal and interest became and remains immediately due and payable. Moreover, these unpaid amounts continue to accrue interest as set forth in the FAA, the Registered Global Security, and as provided by law.

22. Venezuela's failure to pay the full amount of unpaid principal following acceleration on December 6, 2018 continued for a period of more than 30 days and continues today. This failure to pay principal is another Event of Default. *See* Registered Global Security, Terms and Conditions, sec. 7(a).

23. Since the Securities were accelerated, Venezuela has failed to make four additional interest payments due on January 13, 2019; July 13, 2019; January 13, 2020; and July 13, 2020. These failures each continued for a period of more than 30 days and these amounts remain unpaid today. These failures to pay interest are each an Event of Default under the Securities. *See* Registered Global Security, Terms and Conditions, sec. 7(b).

24. To date, Venezuela has not paid the principal amount or the outstanding interest due on the Securities.

25. Plaintiffs are aware of the ongoing economic and political instability in Venezuela. This instability, however, has not prevented other creditors from pursuing remedies. Notably, the Third Circuit confirmed Crystallex International Corporation's right to collect on an arbitral award against Venezuela by seizing shares of Citgo's parent company. These regrettable circumstances, combined with Venezuela's continued refusal to pay, constrain Plaintiffs to bring the present

action to preserve their rights as beneficial owners of Securities. As investors in Venezuela, Plaintiffs are vitally interested in the nation's future and desire to work with its many stakeholders.

## CAUSE OF ACTION
### (Breach of Contract – Money Judgment)

26. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 25.

27. Venezuela made contractual commitments under the FAA and the Registered Global Security, to which Plaintiffs are beneficiaries and/or parties as the beneficial owners of the Securities. By their express terms, the Securities are governed by New York law. *See* Registered Global Security, Terms and Conditions, sec. 12.

28. Plaintiffs have complied in full with any and all obligations imposed on them by the terms and conditions of the FAA and the Registered Global Security.

29. Since January 13, 2018, Venezuela has failed to make six semi-annual interest payments to Plaintiffs as contractually required. These failures have continued for more than 30 days, and accordingly constitute Events of Default.

30. The principal amount owed on the Securities became due and payable in its entirety on or about December 6, 2018. Venezuela has failed to pay the principal amount of the Securities. As this failure has continued for more than 30 days, this failure to pay constitutes an additional Event of Default.

31. Plaintiffs are the beneficial owners of substantial amounts of the Securities and are therefore entitled by contract to the payments that Venezuela has failed to make. Venezuela has breached its contractual obligations to Plaintiffs by failing to make payment when due.

32. Plaintiffs have suffered monetary damages as a result of Venezuela's breach of these payment obligations.

33. Plaintiffs are fully and duly authorized to bring this action as beneficial owners of the Securities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment against Venezuela as follows:

a. A monetary judgment in the amount of the aggregate principal amount of the outstanding Securities held by Plaintiffs plus all accrued and unpaid interest through the date of judgment, including but not limited to interest on unpaid principal, interest on unpaid interest, and all other amounts due and owing up to and including the date of judgment;

b. Post-judgment interest on the unpaid amounts between the date of judgment and date of collection; and

c. Such other further relief as the Court deems just and proper.

Dated: October 14, 2020

Respectfully submitted,

ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP

By:   s/ Joshua S. Bolian

Gary A. Orseck (admitted *pro hac vice*)
Joshua S. Bolian
2000 K Street, N.W.
Washington, DC 20006
Telephone:   (202) 775-4500
Facsimile:   (202) 775-4510
Email:         jbolian@robbinsrussell.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on this 14th day of October, 2020, a copy of the foregoing was served electronically via CM/ECF on all counsel of record.

                                                            <u>s/ Joshua S. Bolian</u>

                                                            Joshua S. Bolian
                                                           ROBBINS, RUSSELL, ENGLERT, ORSECK,
                                                           UNTEREINER & SAUBER LLP
                                                           2000 K Street, N.W.
                                                           Washington, DC 20006
                                                           Telephone: (202) 775-4500
                                                           Facsimile: (202) 775-4510
                                                           Email: jbolian@robbinsrussell.com