UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD.,

    Plaintiffs,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

    Defendant.

No. 19-cv-09014-LLS

**STIPULATION AND [PROPOSED] JUDGMENT**

---

## STIPULATION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION

The parties to this action, by their undersigned counsel, hereby enter into the following stipulation for the entry of a final judgment and permanent injunction (the "Judgment") on all claims asserted in this action.

WHEREAS, ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO XVII Inc. commenced this action seeking judgment for breach of contract for non-payment of principal and interest on debt securities issued by the Bolivarian Republic of Venezuela (the "Republic") due January 13, 2034 and identified as International Security Identification Number US922646BL74; and

WHEREAS, ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (hereinafter "Plaintiffs") filed an amended complaint (the "Amended Complaint") on October 14, 2020, removing LDO XVII Inc. as a plaintiff and adding claims by LDO (Cayman) XVIII Ltd. ("LDO") but not altering the claims by ACL1 Investments Ltd. or ACL2 Investments Ltd.; and

WHEREAS, the parties conducted informal discovery in which each Plaintiff provided evidence to the Republic of its standing to sue, identity, and continuing ownership interest in the debt securities placed in issue by the Amended Complaint; and

WHEREAS, the Republic states that it has determined to proceed with an orderly and consensual renegotiation of legacy commercial claims as soon as practicable, in accordance with laws enacted and to be enacted by the National Assembly; and

WHEREAS, the Republic states that its anticipated claims reconciliation process will include, in the case of legacy debt securities, a determination of unpaid principal and interest accrued according to original contractual terms; and

WHEREAS, the Republic states that it has determined to respond to all reconciled claims in accordance with principles and on financial terms that are consistent with an economic recovery program to be supported by the International Monetary Fund and other official sector sponsors; and

WHEREAS, the Republic states that it has determined that no preferential treatment will be accorded in the debt renegotiation to claims that have been reduced to a court judgment; and

WHEREAS, the Republic states that it has determined that each Plaintiff's claims for unpaid principal and interest have been adequately documented and computed; and

WHEREAS, the Republic recognizes that interest on unpaid principal under Plaintiffs' debt securities runs at a rate of 9.375% per annum while interest on a federal judgment would run at the rate provided for in 28 U.S.C. § 1961, which is currently 0.10667% per annum; and

WHEREAS, Section 7 of the Terms and Conditions of Plaintiffs' debt securities provides for the Republic to pay the holders reasonable and documented out-of-pocket expenses (including reasonable counsel fees and court costs, stamp taxes, duties and fees) incurred in connection with any reasonable investigation of any Event of Default (as defined therein) or the enforcement of the securities; and

WHEREAS, the Parties have agreed to resolve a dispute over the amount of out-of-pocket expenses due under Section 7 of the Terms and Conditions as of the date of the judgment by stipulating to an award of such expenses in the amount of $220,000 on account of all expenses incurred to the date of the judgment in connection with any Event of Default with respect to Plaintiffs' debt securities on which claims in the action were made or the enforcement thereof; and

WHEREAS, the parties further recognize that creditors' ability to collect on judgments on debt securities such as those at issue in this proceeding is currently subject to sanctions imposed by the President of the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury; and

WHEREAS, the United States has stated that it maintains these sanctions in order to "prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela"; and

WHEREAS, the Republic states that it has determined that it is in the interests of the Venezuelan people, of the restoration of democracy in Venezuela, and of the eventual orderly and consensual renegotiation of legacy commercial claims, to reduce expenditures on litigation where possible, consistent with the interests of a fair recognition of just claims and ensuring that unjust claims are not paid; and

WHEREAS, no Plaintiff has agreed to participate in any such claims reconciliation process or any potential debt renegotiation at this time, each Plaintiff acknowledges that the Republic has made the foregoing statements but otherwise reserves all rights concerning those statements, and each Plaintiff specifically reserves all of its rights with respect to the Republic's claims reconciliation process and debt restructuring, including, without limitation, its right to accept or reject any offer from the Republic, to challenge the treatment afforded by the Republic to its claims, and/or to pursue any post-judgment collection efforts it chooses, subject to the terms of this stipulation; and

WHEREAS, no agency or instrumentality of Venezuela is a party to this agreement; and

WHEREAS, the parties are in agreement that, in order to prevent future errors or irregularities, the Court should enter an order providing that each Plaintiff and any of its successors or assigns; and anyone acting on their behalf, including their officers, agents, servants, employees, trustees, beneficial owners, and attorneys; and all persons and organizations acting in concert with any of them shall not transfer in any manner any securities that formed the basis for each Plaintiff's claim of breach of contract for nonpayment without (i) also including in any such transfer such Plaintiff's corresponding interests in the Judgment and (ii) providing prior written notice to the Republic; and

WHEREAS, the parties further agree that the foregoing paragraph does not apply to, and is not intended to apply to, any transfer of the shares or any other interests constituting ownership of each Plaintiff (as opposed to ownership of the bonds); and

WHEREAS, the parties are in agreement that the Court should retain jurisdiction over matters related to the enforcement of the agreement reflected in the prior two paragraphs; and

WHEREAS, EACH PLAINTIFF REPRESENTS AND WARRANTS to the Republic that: (i) each Plaintiff is not, and is not owned or controlled by, or otherwise affiliated with, a Sanctioned Party, and is not acting directly or indirectly in any way for or on behalf of a Sanctioned Party; and (ii) no Sanctioned Party has any interest in the Plaintiff's claims against the Republic and no Plaintiff will knowingly permit any Sanctioned Party to benefit in any way from any amounts that Plaintiff may recover on the Judgment. The term "Sanctioned Party" means any entity whose property and interests in property are blocked pursuant to Executive Order 13692, 13850 or 13884 or any other sanctions administered or enforced by OFAC for so long as the sanctions blocking such property are in effect, which as of the date of this stipulation include the Republic of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela and the Venezuelan Economic and Social Development Bank, any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Nicolás Maduro regime.  Any breach of this representation and warranty shall be grounds for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6); therefore it is

STIPULATED AND AGREED that the Court should enter a final judgment in the form of judgment attached hereto; and

FURTHER STIPULATED AND AGREED that no Plaintiff will seek to enforce inside or outside the United States the final judgment entered in this action for a period ending at the earlier of (i) issuance of a general or specific license from OFAC, or lifting of OFAC sanctions that would permit enforcement of that judgment by persons subject to the jurisdiction of the United States, and (ii) October 23, 2021, except that this paragraph will not prevent the Plaintiffs from registering the judgment under 28 U.S.C. § 1963 (if otherwise permitted by applicable law and regulations); and

FURTHER STIPULATED AND AGREED that if any Plaintiff transfers said final judgment before the expiration of the period set forth in the immediately preceding paragraph, the transferee and any subsequent transferees shall be bound by this stipulation; and

FURTHER STIPULATED AND AGREED that nothing in this Stipulation relieves any party from applicable law, including, any law concerning sovereign immunities and any restrictions administered by the Office of Foreign Assets Control of the United States Department of the Treasury.

Dated: December 4, 2020
New York, New York

SULLIVAN & CROMWELL LLP

*[signature: Joseph E. Neuhaus]*

Joseph E. Neuhaus
Sergio J. Galvis
James L. Bromley
125 Broad Street
New York, NY 10004
Tel:   (212) 558-4000
Fax:  (212) 558-3588
neuhausj@sullcrom.com
galviss@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
1700 New York Avenue, N.W. Suite 700
Washington, D.C. 20006-5215
Tel:   (202) 956-7500
Fax:  (202) 293-6330
ellisan@sullcrom.com

*Attorneys for Defendant*

ROBBINS, RUSSELL, ENGLERT,
ORSECK, UNTEREINER & SAUBER LLP

*[signature: Joshua S. Bolian]*

Gary A. Orseck
Joshua S. Bolian
2000 K Street, N.W.
Washington, DC 20006
Telephone:   (202) 775-4500
Facsimile:   (202) 775-4510
Email:       gorseck@robbinsrussell.com

*Attorneys for Plaintiffs*

5